# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60199
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

DANIEL ENRIQUEZ AGUILUZ-CALLEJAS,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 755 555

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Daniel Enriquez Aguiluz-Callejas, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA), which dismissed his appeal and affirmed the order of the immigration judge (IJ) denying his application for asylum and withholding of removal. Aguiluz-Callejas argues that, contrary to the decisions of the BIA and IJ rejecting his claim of past persecution, the gang violence and threats directed at him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constituted a non-physical emotional harm that rose to the level of persecution and the attendant interference with his education deprived him of one of life's essentials. He further asserts that juveniles in El Salvador who are threatened and harassed by gangs that impede their education constitute a particular social group (PSG) and he should be granted asylum or withholding of removal based on his fear of being persecuted due to his membership in that group.

We generally review the BIA's decision and may review the IJ's findings and conclusions where, as here, the BIA adopts them. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Questions of law are reviewed de novo, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012), and factual findings are reviewed for substantial evidence, meaning reversal of factual findings is improper unless the evidence compels a contrary conclusion, *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

The BIA did not reach the issue whether Aguiluz-Callejas's experiences with the gang rose to the level of persecution but instead found that he failed to show that he was threatened on account of a protected basis rather than subjected to threats due to the territorial dispute between two gangs described in his testimony. Aguiluz-Callejas, who is represented by counsel, does not address the BIA's basis for its decision and has, therefore, waived review of his past persecution claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

As the BIA and IJ found, Aguiluz-Callejas's proposed PSG lacks both particularity and visibility because its members constitute a broad and diverse section of society, and the PSG is not materially distinguishable from those previously rejected by this court and the BIA in published decisions. *See Orellana-Monson*, 685 F.3d at 516, 518.

No. 18-60199

Finally, Aguiluz-Callejas's argument that the BIA and IJ did not sufficiently consider guidance by the United Nations High Commissioner for Refugees regarding asylum requests by juveniles is without merit. *See Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009).

The petition for review is DENIED.